REQUESTED BY: Senator Calvin F. Carsten Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Carsten:
You have asked our opinion as to the constitutional validity of LB 816, as amended by the Revenue Committee. We detect no constitutional problems with the bill, as amended.
Section 1 of the bill provides that the Legislature shall appropriate an additional $45,000,000 to the School Foundation and Equalization Fund, to be distributed pursuant to § 79-1334. In our Opinion No. 189, dated February 8, 1982 to Senator Lamb we said that the present method of distribution of this fund provided for by § 79-1334 appeared to be valid, and simply adding more money to be distributed under that section would have no effect on its constitutionality. We reach the same conclusion now.
Section 2 provides for an additional $2,000,000 appropriation for aid to technical community colleges, to be distributed pursuant to §§ 79-2651 to 79-2653. Neb.Rev.Stat. § 79-2651 (Supp. 1980) provides for distribution of state aid to technical community college areas. Fifteen percent of the funds appropriated is to be distributed to each of the six technical community college areas. This accounts for ninety percent of the funds appropriated. Although, in some circumstances equal distributions to all recipients of state aid might be held unreasonable (as, for example, equal distributions to each of the 93 counties), we have no reason to believe that the six technical community college areas are so dissimilar as to invalidate equal distributions to each.
Under § 79-2651 the remaining ten percent is to be distributed in the same proportion as the audited reimbursable educational unit total for each area for the preceding year is to the audited reimbursable educational unit total of all technical community college areas. Neb.Rev.Stat. § 79-2637(10) (Supp. 1980) defines `reimbursable educational unit.' In general, it is based on student population, giving different weights to students in three different categories of educational programs. We see nothing unreasonable in such a method of distribution. Again, adding more money to the pot to be distributed has no effect on the constitutionality of the basic system.
Section 3 of the bill, as amended by the committee, would amend § 77-27,136. It would provide for an appropriation of $18,900,000 for aid to incorporated municipalities. Section 4 would amend § 77-27,137.01 to provide for a distribution of this fund to the municipalities on the basis of the ratio of the population of each municipality to the population of all municipalities in the state. So far as the question of constitutional law is concerned, we do not believe a successful attack could be made against a formula utilizing population in this manner.
Section 5, as amended, would provide for an appropriation of an additional $16,700,000 to the Department of Public Welfare for the payment of medical assistance. Neb.Rev.Stat. § 68-1022 (Supp. 1980) now provides for payment by the counties of a portion of the cost of certain medical assistance, as provided in §§ 68-1018, et seq. §68-1022 would be repealed by LB 816. The Department of Public Welfare informs us that the projected amount of payments by the counties under § 68-1022 for the coming fiscal year is about $16,700,000. Therefore, what LB 816 would do would be to relieve the counties of this obligation, and appropriate enough state money to pay for it. This is certainly a proper exercise of legislative discretion.
Section 6 states that it is the intention of the Legislature, if the federal government assumes the entire responsibility for the costs of the medical assistance program prior to fiscal year 1984-85, to appropriate at the next regular or special session of the Legislature an additional $18,000,000 for state aid to counties. This section has no legal effect. It is only a statement of intention, and would not be binding on any future Legislature. Furthermore, of course, it does not specify how the $18,000,000 would be distributed. However, although the section is legally meaningless, it is innocuous, and certainly would have no adverse effect on the other provisions of the bill, particularly in light of the savings clause.
We therefore believe that the bill can be successfully defended against constitutional attack.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General